## DIECKMANN v. MILWAUKEE CORRUGATING CO.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1909.)

No. 1,503.

Patents (§ 328*)—Invention and Infringement—Sheet Metal Elbows.

The Dieckmann patent, No. 540,584, for a corrugated sheet metal elbow and process of making the same, claims 3 and 4, which cover the elbow as an article of manufacture, are void for lack of invention, in view of the prior art. Claims 1 and 2, relating to the process, *held* not infringed, conceding their validity.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

Suit in equity by Ferdinand Dieckmann against the Milwaukee Corrugating Company. Decree for defendant, and complainant appeals. Affirmed.

The bill in the Circuit Court was to restrain infringement of Letters Patent No. 540,584, issued June 4, 1895, to appellant for improvements in sheet metal elbows and process of making the same. The claims of the patent are as follows:

"1. The process of forming sheet metal elbows of any desired cross-sectional pattern, which consists in taking a previously formed plain elbow, and by means of suitable dies impressing the desired corrugated, octagonal or similar cross-sectional pattern upon the curved portion of the elbow, substantially as specified.

"2. The process of making sheet metal elbows of any desired cross-sectional pattern from a single piece of sheet metal, which consists in first forming a plain elbow from a single sheet of metal by forming the sheet into a tube, taking up the surplus metal in over-lapping crimps on one side to form the curve of the elbow, and then by means of suitable dies impressing the desired corrugated, octagonal, or similar cross-sectional pattern upon the curved portion of the elbow, substantially as specified.

"3. A sheet metal elbow having the surplus metal upon one side taken up in crimps to form the curve, and having a corrugated, octagonal, or any desired similar cross-sectional pattern impressed upon the elbow throughout its length substantially as specified.

"4. A crimped sheet metal elbow, formed of a single piece of sheet metal, having a corrugated, octagonal or any desired similar cross-sectional pattern impressed thereon throughout its length, substantially as specified."

The defendant's sheet metal elbow, as an article of manufacture, is practically the same as the elbow made under appellant's patent. The case comes to this Court on appeal from the decree of the Circuit Court dismissing the bill. The further facts are stated in the opinion.

R. H. Parkinson and C. W. Miles, for appellant.

E. H. Bottum, for appellee.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

GROSSCUP, Circuit Judge, after stating the facts as above, delivered the opinion.

The elbow, as an article of manufacture, is corrugated longitudinally; the function of the corrugation being to afford expansibility to the pipe under pressure of changing cold and heat in its contents; and is crimped on its inner side, the function of the crimp being merely to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

take up the metal in the formation of the elbow. That the elbow, as well as the pipe itself, should be thus corrugated—that is to say. that the corrugation should extend around the elbow—is, in view of the function of such corrugation, a desirability so obvious that the mere conception of it cannot be said to constitute invention. Indeed it appears in a number of previous elbows, notably in the Austin & Obdyke elbow, patent No. 113,614, and the Ritchie elbow, patent No. 342,465—the only difference between these elbows and the Dieckmann being in the method of taking up the metal for the purpose of forming the elbow. Whatever, therefore, there is of invention, if invention there be in the Dieckmann patent, is not in the conception of an elbow thus corrugated, but in the process employed to bring about corruga-tion in connection with the crimping; and it was to the difficulty of discovering such process that the delay, if there was any delay, is to be attributed. This disposes of claims 3 and 4, relating to the elbow as a new article of manufacture.

The process in the Dieckmann patent is described as follows:

"By my process a plain elbow is first formed, preferably by rolling a single piece of sheet metal into a tube, then taking up the surplus metal upon one side into overlapping crimps" (the elbow being given the desired form).

The end of the elbow is then placed over a die and other dies are reciprocated to strike the elbow and give it the cross-sectional con-figuration of the first die; and by a forward movement of the elbow upon the die, this configuration is successively impressed upon every portion of the elbow, the result being a smooth, true elbow, with regu-lar faces or corrugations running through the length of the elbow.

The process, it will be thus observed, is first to put in the crimps, whereby the tube or pipe is conformed to elbow shape, and then to cor-rugate it.

Whether this be a patentable process or not, we need not now deter-mine. The burden of infringement is upon complainant, and that burden has not been met; for according to the evidence offered in Court, the corrugating was done first; and this is supported by the appearance of appellee's elbows brought to our attention at the hearing, which show that the crimps in the basins of the corrugations had not been subjected to any greater pressure than the crimps on their sum-mits. Indeed, their whole appearance shows that whatever pressure was applied for the purpose of turning over the crimps after they had been formed, was applied almost uniformly on summit side and basin of the corrugations.

The decree appealed from is affirmed.